SUMMARY ORDER
Defendant-Appellant Marion T. Frampton appeals from a judgment granting in part and denying in part his request for resentencing by the United States District Court for the Northern District of New York (Scullin, J.). We assume the parties’ familiarity with the facts, the procedural history, and the issues on appeal.
*536 In this appeal, Defendant argues that the district court erred in considering acquitted conduct in calculating his sentence. Specifically, Defendant argues that the Sixth Amendment to the U.S. Constitution precludes a district judge from finding an acquitted fact to invoke an increased mandatory minimum sentence under 18 U.S.C. § 924(c). Frampton’s challenge raises a question of law, which this Court reviews de novo. See United States v. Sanchez, 517 F.3d 651, 661-62 (2d Cir.2008).
This Court held in United States v. Vaughn that
district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct, as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory mandatory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence under [21 U.S.C.] § 841(b) not authorized by the verdict.
430 F.3d 518, 527 (2d Cir.2005) (citing United States v. Gonzalez, 420 F.3d 111, 129 (2d Cir.2005)) (emphasis added). The district court clearly expressed that it was “well-aware” that the Guidelines are not mandatory, so the first factor is not an issue here. United States v. Frampton, No. 01-cr-293, slip op. at 7 (N.D.N.Y. Apr. 1, 2008).
Nor does the second factor present an issue. Neither the maximum possible sentence Defendant could have received based on the court’s finding that he discharged a firearm (rather than merely used or carríe d it) nor the actual sentence imposed by the district court exceeds the maximum possible sentence authorized by the jury’s finding that Defendant used or carried, but did not discharge, a firearm. As this Court has stated, § 924(c) “provides three increasing mandatory minimum sentences depending on a defendant’s specific firearm use, while an implicit statutory maximum of life imprisonment remains constant throughout.” [1] Gonzalez, 420 F.3d at 125-26.
The third factor raised in Vaughn’s holding speaks only to the specific statutory structure of 21 U.S.C. § 841, which, “unlike 18 U.S.C. § 924(c)(1)(A), does not use a fact ... simply to identify increasing minimum sentences within a penalty scheme with a fixed maximum.” Gonzalez, 420 F.3d at 126. This Court has held that in the context of § 841, the statute at issue in Gonzalez and Vaughn, it is impermissible for a judge to find facts relevant to sentencing that increase the mandatory minimum sentence because the structure of that statute provides that “when drug quantity raises a mandatory minimum sentence under § 841, it simultaneously raises a corresponding maximum....” M; see also Vaughn, 430 F.3d at 526-27. But the Supreme Court has held, and this Court has acknowledged, that “where a fact ‘alter[s] only the minimum’ sentence, without ‘authoriz[ing] the judge to impose [a] ... higher penaltfy],’ the Constitution permits the fact to be treated as a sentencing factor.” Gonzalez, 420 F.3d at 127 (quoting Harris v. United States, 536 U.S. 545, 554, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)) (alterations in Gonzalez). Furthermore, in Harris, the Supreme Court *537 explicitly “conclude[d] that § 924(c)(1)(A) defines a single offense. The statute regards brandishing and discharging as sentencing factors to be found by the judge, not offense elements to be found by the jury.” Harris, 536 U.S. at 556, 122 S.Ct. 2406.[2]
The district court committed no error when it considered Defendant’s acquitted conduct in calculating his sentence under 18 U.S.C. § 924(c). For the reasons stated herein, we AFFIRM the judgment of the district court.

. Section 924(c) "prescribes a five-year mandatory minimum sentence for any use or possession of a firearm in furtherance of a violent or drug crime, see 18 U.S.C. § 924(c)(l)(A)(i); a seven-year minimum if the firearm is 'brandished,' id. § 924(c)(1 )(A)(ii); and a /en-year mandatory minimum if the firearm is ‘discharged,’ id. § 924(c)(l)(A)(iii). It identifies no explicit statutory maximum, implying a possible lifetime maximum....” Gonzalez, 420 F.3d at 126 n. 11 (citation omitted) (emphasis added in Gonzalez).

. Even if we were willing to explore Defendant's argument that subsequent Supreme Court decisions espouse principles irreconcilable with Harris, until we receive more explicit guidance from the Supreme Court, it is this Court’s practice to "follow directly controlling precedent even where that decision appears to rest on reasons rejected in another line of decisions.” Vaughn, 430 F.3d at 526 (citing Agostini v. Felton, 521 U.S. 203, 237-38, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997)).